1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com

9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone: (213) 430-3400
12 Facsimile: (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendant
14 PFIZER INC.

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18 IN RE BEXTRA AND CELEBREX MARKETING, )   MDL Docket No. 1699
   SALES PRACTICES AND PRODUCTS        )
19 LIABILITY LITIGATION                 )   CASE NO 3:08-cv-3357-CRB
                                        )
20 This document relates to            )   **PFIZER INC.'S ANSWER TO**
                                        )   **COMPLAINT**
21 JIMMIE L. BROCKMAN,                  )
                                        )
22       Plaintiff,                     )   **JURY DEMAND ENDORSED**
                                        )   **HEREIN**
23       vs.                            )
                                        )
24 PFIZER, INC.,                        )
                                        )
25       Defendant.                     )
                                        )

26       NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

27 "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiff's Complaint

28 ("Complaint"), and would respectfully show the Court as follows:

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**I.**

**PRELIMINARY STATEMENT**

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

**II.**

**ORIGINAL ANSWER**

**Response to Allegations Regarding Jurisdiction**

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount in controversy, and, therefore, denies the same.  However, Defendant admits that Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

**Response to Allegations Regarding the Nature of the Case**

2.      Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining allegations in this paragraph of the Complaint.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

2    defective, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining

3    allegations in this paragraph of the Complaint.

4    4.    Defendant states that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendant states that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

9    remaining allegations in this paragraph of the Complaint.

10    5.    Defendant states that Bextra® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.  Defendant states that the potential effects of

12    Bextra® were and are adequately described in its FDA-approved prescribing information,

13    which was at all times adequate and comported with applicable standards of care and law.

14    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

15    of the Complaint.

16    6.    Defendant states that Bextra® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information.  Defendant states that the potential effects of

18    Bextra® were and are adequately described in its FDA-approved prescribing information,

19    which was at all times adequate and comported with applicable standards of care and law.

20    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

21    of the Complaint.

22    7.    Defendant states that Bextra® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.  Defendant states that the potential effects of

24    Bextra® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

27    of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

## Response to Allegations Regarding Parties

2    8.        Defendant is without knowledge or information sufficient to form a belief as to the truth

3    of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship,

4    and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph

5    of the Complaint.

6    9.        Defendant is without knowledge or information sufficient to form a belief as to the truth

7    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

8    and, therefore, denies the same.  Defendant denies the remaining allegations in this paragraph

9    of the Complaint.

10   10.       Defendant is without knowledge or information sufficient to form a belief as to the truth

11   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

12   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

13   when used in accordance with its FDA-approved prescribing information.  Defendant states that

14   the potential effects of Bextra® were and are adequately described in its FDA-approved

15   prescribing information, which was at all times adequate and comported with applicable

16   standards of care and law.  Defendant denies that Bextra® caused Plaintiff injury or damages

17   and denies the remaining allegations in this paragraph of the Complaint.

18   11.       Defendant admits that it is a Delaware corporation with its principal place of business in

19   New York.  Defendant denies the remaining allegations in this paragraph of the Complaint.

20   12.       Defendant admits that it is a Delaware corporation with its principal place of business in

21   New York.   Defendant admits that it does business in New York.   Defendant denies the

22   remaining allegations in this paragraph of the Complaint.

23   13.       Defendant admits that it does business in New York.  Defendant denies the remaining

24   allegations in this paragraph of the Complaint.

25   14.       Defendant admits that it does business in New York.  Defendant denies the remaining

26   allegations in this paragraph of the Complaint.

27   15.       Defendant admits that it does business in New York.  Defendant denies the remaining

28   allegations in this paragraph of the Complaint.

16.     Defendant admits that it does business in the United States, including New York. Defendant denies the remaining allegations in this paragraph of the Complaint.

17.     Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

18.     Defendant admits that it is registered to do and does business in New York.  Defendant is without knowledge or information sufficient to form a belief as to the judicial district in which the asserted claims allegedly arose, and, therefore, denies the same.  Defendant denies any wrongful conduct, denies committing a tort in the States of New York or California, and denies the remaining allegations in this paragraph of the Complaint.

**<u>Response to Factual Allegations</u>**

19.     Defendant admits that Bextra® was approved by the FDA, on November 16, 2001. Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining allegations in this paragraph of the Complaint.

20.     Defendant admits that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendant states that the remaining allegations in this paragraph of the Complaint are not directed toward Defendant, and, therefore, no response is required.  To the extent that a response is deemed required, Defendant states that Plaintiff fails to provide the context for the remaining allegations in this paragraph of the Complaint.  Defendant is therefore without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, denies the same.

21.     Defendant states that, as stated in the FDA-approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).  At therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1 (COX-1)."  Defendant states that the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

remaining allegations in this paragraph of the Complaint are not directed toward Defendant, and, therefore, no response is required.  To the extent that a response is deemed required, Defendant states that Plaintiff fails to provide the context for the remaining allegations in this paragraph of the Complaint.  Defendant is therefore without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, denies the same.

22.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

23.     Defendant states that the referenced media statement speaks for itself and respectfully refers the Court to the media statement for its actual language and full text.  Any attempt to characterize the media statement is denied.  Defendant denies the remaining allegations in this paragraph of the Complaint.

24.     Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

25.     Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining allegations in this paragraph of the Complaint.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  when used in accordance with its FDA-approved prescribing information.  Defendant states that

2  the potential effects of Bextra® were and are adequately described in its FDA-approved

3  prescribing information, which was at all times adequate and comported with applicable

4  standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

5  allegations in this paragraph of the Complaint.

6  27.    Defendant is without knowledge or information sufficient to form a belief as to the truth

7  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

8  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

9  when used in accordance with its FDA-approved prescribing information.  Defendant states that

10  the potential effects of Bextra® were and are adequately described in its FDA-approved

11  prescribing information, which was at all times adequate and comported with applicable

12  standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

13  allegations in this paragraph of the Complaint.

14  28.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

16  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

17  when used in accordance with its FDA-approved prescribing information.  Defendant states that

18  the potential effects of Bextra® were and are adequately described in its FDA-approved

19  prescribing information, which was at all times adequate and comported with applicable

20  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

21  unreasonably dangerous, and denies the remaining allegations in this paragraph of the

22  Complaint.

23  29.    Defendant is without knowledge or information sufficient to form a belief as to the truth

24  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

25  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

26  when used in accordance with its FDA-approved prescribing information.  Defendant states that

27  the potential effects of Bextra® were and are adequately described in its FDA-approved

28  prescribing information, which was at all times adequate and comported with applicable

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

2  defective, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining

3  allegations in this paragraph of the Complaint.

4  <u>**Response to First Cause of Action: Negligence and Negligence Per Se**</u>

5  30.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

6  Complaint as if fully set forth herein.

7  31.    Defendant admits that it had duties as are imposed by law but denies having breached

8  such duties.  Defendant states that Bextra® was and is safe and effective when used in

9  accordance with its FDA-approved prescribing information.  Defendant states that the potential

10  effects of Bextra® were and are adequately described in its FDA-approved prescribing

11  information, which was at all times adequate and comported with applicable standards of care

12  and law.  Defendant denies the remaining allegations in this paragraph of the Complaint.

13  32.    Defendant states that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendant states that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

18  denies the remaining allegations in this paragraph of the Complaint.

19  33.    Defendant is without knowledge or information sufficient to form a belief as to the truth

20  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

21  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

22  when used in accordance with its FDA-approved prescribing information.  Defendant states that

23  the potential effects of Bextra® were and are adequately described in its FDA-approved

24  prescribing information, which was at all times adequate and comported with applicable

25  standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

26  allegations in this paragraph of the Complaint, including all subparts.

27  34.    Defendant states that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

35.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

37.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S. market as of

2  April 7, 2005.  Defendant denies any wrongful conduct, denies that Bextra® is unreasonably

3  dangerous, and denies the remaining allegations in this paragraph of the Complaint.

4  38.    Defendant is without knowledge or information sufficient to form a belief as to the truth

5  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

6  and, therefore, denies the same.  Defendant denies any wrongful conduct, denies that Bextra®

7  caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

8  Complaint.

9  39.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

10 damages, and denies the remaining allegations in this paragraph of the Complaint.

11 40.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

12 damages, and denies the remaining allegations in this paragraph of the Complaint.

13 41.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

14 damages, and denies the remaining allegations in this paragraph of the Complaint.

15 42.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

16 damages, and denies the remaining allegations in this paragraph of the Complaint.

17 **Response to Second Cause of Action: Strict Products Liability**

18 43.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

19 Complaint as if fully set forth herein.

20 44.    Defendant is without knowledge or information sufficient to form a belief as to the truth

21 of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

22 and, therefore, denies the same.  Defendant admits that, during certain periods of time, it

23 marketed and co-promoted Bextra® in the United States to be prescribed by healthcare

24 providers who are by law authorized to prescribe drugs in accordance with their approval by the

25 FDA.  Defendant denies the remaining allegations in this paragraph of the Complaint.

26 45.    Defendant admits that, during certain periods of time, it marketed and co-promoted

27 Bextra® in the United States to be prescribed by healthcare providers who are by law

28 authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant states

1  that, in the ordinary case, Bextra® was expected to reach users and consumers without

2  substantial change from the time of sale. Defendant denies the remaining allegations in this

3  paragraph of the Complaint.

4  46.     Defendant is without knowledge or information sufficient to form a belief as to the truth

5  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

6  and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective

7  when used in accordance with its FDA-approved prescribing information. Defendant states that

8  the potential effects of Bextra® were and are adequately described in its FDA-approved

9  prescribing information, which was at all times adequate and comported with applicable

10  standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is

11  defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of

12  the Complaint.

13  47.     Defendant states that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information. Defendant states that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

18  remaining allegations in this paragraph of the Complaint.

19  48.     Defendant is without knowledge or information sufficient to form a belief as to the truth

20  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

21  and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective

22  when used in accordance with its FDA-approved prescribing information. Defendant denies

23  any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies

24  the remaining allegations in this paragraph of the Complaint.

25  49.     Defendant states that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information. Defendant denies any wrongful conduct,

27  denies that Bextra® is defective or unreasonably dangerous, and denies the remaining

28  allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    50.    Defendant states that Bextra® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendant denies any wrongful conduct,

3    denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the

4    Complaint.

5    51.    Defendant is without knowledge or information sufficient to form a belief as to the truth

6    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

7    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

8    when used in accordance with its FDA-approved prescribing information.  Defendant states that

9    the potential effects of Bextra® were and are adequately described in its FDA-approved

10    prescribing information, which was at all times adequate and comported with applicable

11    standards of care and law.  Defendant denies the remaining allegations in this paragraph of the

12    Complaint.

13    52.    Defendant is without knowledge or information sufficient to form a belief as to the truth

14    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

15    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

16    when used in accordance with its FDA-approved prescribing information.  Defendant states that

17    the potential effects of Bextra® were and are adequately described in its FDA-approved

18    prescribing information, which was at all times adequate and comported with applicable

19    standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

20    allegations in this paragraph of the Complaint.

21    53.    Defendant states that this paragraph of the Complaint contains legal contentions to

22    which no response is required.  To the extent that a response is deemed required, Defendant

23    admits that it had duties as are imposed by law but denies having breached such duties.

24    Defendant states that Bextra® was and is safe and effective when used in accordance with its

25    FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

26    were and are adequately described in its FDA-approved prescribing information, which was at

27    all times adequate and comported with applicable standards of care and law.  Defendant denies

28    any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

remaining allegations in this paragraph of the Complaint.

54.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

55.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

56.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

57.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   58.    Defendant states that Bextra® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.  Defendant states that the potential effects of

3   Bextra® were and are adequately described in its FDA-approved prescribing information,

4   which was at all times adequate and comported with applicable standards of care and law.

5   Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

6   remaining allegations in this paragraph of the Complaint.

7   59.    Defendant is without knowledge or information sufficient to form a belief as to the truth

8   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

9   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

10  when used in accordance with its FDA-approved prescribing information.  Defendant states that

11  the potential effects of Bextra® were and are adequately described in its FDA-approved

12  prescribing information, which was at all times adequate and comported with applicable

13  standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

14  defective, and denies the remaining allegations in this paragraph of the Complaint.

15  60.    Defendant states that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendant states that the potential effects of

17  Bextra® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra®

20  caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

21  Complaint.

22  61.    Defendant states that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendant states that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

27  remaining allegations in this paragraph of the Complaint.

28  62.    Defendant states that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-14-
ANSWER TO COMPLAINT – 3:08-cv-3357-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with its FDA-approved prescribing information.  Defendant states that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendant denies any wrongful conduct, denies that Bextra® is defective, denies that Bextra®

5    caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

6    Complaint.

7    63.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

8    damages, and denies the remaining allegations in this paragraph of the Complaint.

9    64.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

10   damages, and denies the remaining allegations in this paragraph of the Complaint.

11   65.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

12   damages, and denies the remaining allegations in this paragraph of the Complaint.

13   **Response to Third Cause of Action: Breach of Express Warranty**

14   66.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

15   Complaint as if fully set forth herein.

16   67.    Defendant states that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendant states that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

21   Defendant denies the remaining allegations in this paragraph of the Complaint.

22   68.    Defendant states that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendant states that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

27   of the Complaint.

28   69.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   damages, and denies the remaining allegations in this paragraph of the Complaint.

2   70.    Defendant admits that it provided FDA-approved prescribing information regarding

3   Bextra®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

4   71.    Defendant admits that it provided FDA-approved prescribing information regarding

5   Bextra®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

6   72.    Defendant states that Bextra® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendant states that the potential effects of

8   Bextra® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10  Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

11  remaining allegations in this paragraph of the Complaint.

12  73.    Defendant states that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendant states that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

17  Defendant denies the remaining allegations in this paragraph of the Complaint.

18  74.    Defendant states that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendant states that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

23  of the Complaint.

24  75.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

25  damages, and denies the remaining allegations in this paragraph of the Complaint.

26  76.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

27  damages, and denies the remaining allegations in this paragraph of the Complaint.

28  77.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

1    damages, and denies the remaining allegations in this paragraph of the Complaint.

2    78.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

3    damages, and denies the remaining allegations in this paragraph of the Complaint.

4    **Response to Fourth Cause of Action: Breach of Implied Warranties**

5    79.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

6    Complaint as if fully set forth herein.

7    80.    Defendant admits that, during certain periods of time, it marketed and co-promoted

8    Bextra® in the United States to be prescribed by healthcare providers who are by law

9    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies

10   the remaining allegations in this paragraph of the Complaint.

11   81.    Defendant is without knowledge or information sufficient to form a belief as to the truth

12   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

13   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

14   when used in accordance with its FDA-approved prescribing information.  Defendant states that

15   the potential effects of Bextra® were and are adequately described in its FDA-approved

16   prescribing information, which was at all times adequate and comported with applicable

17   standards of care and law.  Defendant admits that it provided FDA-approved prescribing

18   information regarding Bextra®.  Defendant denies the remaining allegations in this paragraph

19   of the Complaint.

20   82.    Defendant states that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendant states that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.

25   Defendant denies the remaining allegations in this paragraph of the Complaint.

26   83.    Defendant states that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendant states that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-17-

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably

3    dangerous, and denies the remaining allegations in this paragraph of the Complaint.

4    84.    Defendant is without knowledge or information sufficient to form a belief as to the truth

5    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

6    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

7    when used in accordance with its FDA-approved prescribing information.  Defendant states that

8    the potential effects of Bextra® were and are adequately described in its FDA-approved

9    prescribing information, which was at all times adequate and comported with applicable

10   standards of care and law.  Defendant admits that it provided FDA-approved prescribing

11   information regarding Bextra®.  Defendant denies the remaining allegations in this paragraph

12   of the Complaint.

13   85.    Defendant is without knowledge or information sufficient to form a belief as to the truth

14   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

15   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

16   when used in accordance with its FDA-approved prescribing information.  Defendant states that

17   the potential effects of Bextra® were and are adequately described in its FDA-approved

18   prescribing information, which was at all times adequate and comported with applicable

19   standards of care and law.  Defendant admits that it provided FDA-approved prescribing

20   information regarding Bextra®.  Defendant denies the remaining allegations in this paragraph

21   of the Complaint.

22   86.    Defendant states that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendant states that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendant states that, in the ordinary case, Bextra® was expected to reach users and consumers

27   without substantial change from the time of sale.  Defendant denies any wrongful conduct,

28   denies that Bextra® is defective or unreasonably dangerous, and denies remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-18-

1    this paragraph of the Complaint.

2    87.    Defendant states that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendant states that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendant denies any wrongful conduct and denies remaining allegations in this paragraph of

7    the Complaint.

8    88.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

9    damages, and denies the remaining allegations in this paragraph of the Complaint.

10    89.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

11    damages, and denies the remaining allegations in this paragraph of the Complaint.

12    90.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

13    damages, and denies the remaining allegations in this paragraph of the Complaint.

14    91.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

15    damages, and denies the remaining allegations in this paragraph of the Complaint.

16    **Response to Fifth Cause of Action: Fraudulent Misrepresentation**

17    92.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

18    Complaint as if fully set forth herein.

19    93.    Defendant states that Bextra® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendant states that the potential effects of

21    Bextra® were and are adequately described in its FDA-approved prescribing information,

22    which was at all times adequate and comported with applicable standards of care and law.

23    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

24    of the Complaint.

25    94.    Defendant states that Bextra® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendant states that the potential effects of

27    Bextra® were and are adequately described in its FDA-approved prescribing information,

28    which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-19-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

95.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

96.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

97.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

98.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the remaining allegations in this paragraph of the Complaint.

99.     Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

100.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

101.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

102.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

103.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Fraudulent Concealment**

104.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

105.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  of the Complaint.

2  106.    Defendant states that Bextra® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information.  Defendant states that the potential effects of

4  Bextra® were and are adequately described in its FDA-approved prescribing information,

5  which was at all times adequate and comported with applicable standards of care and law.

6  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

7  of the Complaint.

8  107.    Defendant states that Bextra® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendant states that the potential effects of

10 Bextra® were and are adequately described in its FDA-approved prescribing information,

11 which was at all times adequate and comported with applicable standards of care and law.

12 Defendant denies any wrongful conduct, denies that Bextra® is defective, and denies the

13 remaining allegations in this paragraph of the Complaint, including all subparts.

14 108.    Defendant states that this paragraph of the Complaint contains legal contentions to

15 which no response is required.  To the extent that a response is deemed required, Defendant

16 admits that it had duties as are imposed by law but denies having breached such duties.

17 Defendant states that Bextra® was and is safe and effective when used in accordance with its

18 FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

19 were and are adequately described in its FDA-approved prescribing information, which was at

20 all times adequate and comported with applicable standards of care and law.  Defendant denies

21 any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

22 109.    Defendant is without knowledge or information sufficient to form a belief as to the truth

23 of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

24 and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

25 when used in accordance with its FDA-approved prescribing information.  Defendant states that

26 the potential effects of Bextra® were and are adequately described in its FDA-approved

27 prescribing information, which was at all times adequate and comported with applicable

28 standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    defective, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining

2    allegations in this paragraph of the Complaint.

3    110.    Defendant is without knowledge or information sufficient to form a belief as to the truth

4    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

5    and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

6    when used in accordance with its FDA-approved prescribing information.  Defendant states that

7    the potential effects of Bextra® were and are adequately described in its FDA-approved

8    prescribing information, which was at all times adequate and comported with applicable

9    standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

10   allegations in this paragraph of the Complaint.

11   111.    Defendant states that Bextra® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendant states that the potential effects of

13   Bextra® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

16   of the Complaint.

17   112.    Defendant is without knowledge or information sufficient to form a belief as to the truth

18   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

19   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

20   when used in accordance with its FDA-approved prescribing information.  Defendant states that

21   the potential effects of Bextra® were and are adequately described in its FDA-approved

22   prescribing information, which was at all times adequate and comported with applicable

23   standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

24   allegations in this paragraph of the Complaint.

25   113.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

26   damages, and denies the remaining allegations in this paragraph of the Complaint.

27   114.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

28   damages, and denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    115.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

2    damages, and denies the remaining allegations in this paragraph of the Complaint.

3    <u>**Response to Seventh Cause of Action: Negligent Misrepresentation**</u>

4    116.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

5    Complaint as if fully set forth herein.

6    117.    Defendant states that this paragraph of the Complaint contains legal contentions to

7    which no response is required.  To the extent that a response is deemed required, Defendant

8    admits that it had duties as are imposed by law but denies having breached such duties.

9    Defendant states that Bextra® was and is safe and effective when used in accordance with its

10   FDA-approved prescribing information.  Defendant states that the potential effects of Bextra®

11   were and are adequately described in its FDA-approved prescribing information, which was at

12   all times adequate and comported with applicable standards of care and law.  Defendant denies

13   the remaining allegations in this paragraph of the Complaint.

14   118.    Defendant states that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendant states that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

19   of the Complaint.

20   119.    Defendant states that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendant states that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

25   denies the remaining allegations in this paragraph of the Complaint.

26   120.    Defendant states that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendant states that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

3    of the Complaint.

4    121.    Defendant states that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendant states that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and

9    denies the remaining allegations in this paragraph of the Complaint.

10    122.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

11    damages, and denies the remaining allegations in this paragraph of the Complaint.

12    123.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

13    damages, and denies the remaining allegations in this paragraph of the Complaint.

14    124.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

15    damages, and denies the remaining allegations in this paragraph of the Complaint.

16    **<u>Response to Eighth Cause of Action: Fraud and Deceit</u>**

17    125.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

18    Complaint as if fully set forth herein.

19    126.    Defendant states that Plaintiff fails to provide the proper context for the allegations in

20    this paragraph of the Complaint.  Defendant therefore lacks knowledge or information

21    sufficient to form a belief as to the truth of such allegations and, therefore, denies the same.

22    127.    Defendant states that Bextra® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.  Defendant states that the potential effects of

24    Bextra® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

27    of the Complaint.

28    128.    Defendant denies any wrongful conduct and denies the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   paragraph of the Complaint.

2   129.    Defendant states that this paragraph of the Complaint contains legal contentions to

3   which no response is required.  To the extent that a response is deemed required, Defendant

4   admits that it had duties as are imposed by law but denies having breached such duties.

5   Defendant denies the remaining allegations in this paragraph of the Complaint.

6   130.    Defendant states that Bextra® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendant states that the potential effects of

8   Bextra® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

11  of the Complaint.

12  131.    Defendant states that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendant states that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendant denies the remaining allegations in this paragraph of the Complaint.

17  132.    Defendant states that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendant states that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

22  of the Complaint.

23  133.    Defendant states that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendant states that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

28  of the Complaint.

134.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

135.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

136.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

137.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

138.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

2    of the Complaint.

3    139.    Defendant states that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendant states that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

8    of the Complaint.

9    140.    Defendant states that Bextra® was and is safe and effective when used in accordance

10    with its FDA-approved prescribing information.  Defendant states that the potential effects of

11    Bextra® were and are adequately described in its FDA-approved prescribing information,

12    which was at all times adequate and comported with applicable standards of care and law.

13    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

14    of the Complaint.

15    141.    Defendant states that Bextra® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information.  Defendant states that the potential effects of

17    Bextra® were and are adequately described in its FDA-approved prescribing information,

18    which was at all times adequate and comported with applicable standards of care and law.

19    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

20    of the Complaint.

21    142.    Defendant states that Bextra® was and is safe and effective when used in accordance

22    with its FDA-approved prescribing information.  Defendant states that the potential effects of

23    Bextra® were and are adequately described in its FDA-approved prescribing information,

24    which was at all times adequate and comported with applicable standards of care and law.

25    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

26    of the Complaint.

27    143.    Defendant states that Bextra® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information.  Defendant states that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Bextra® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

4  of the Complaint.

5  144.    Defendant states that Bextra® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendant states that the potential effects of

7  Bextra® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

10  of the Complaint.

11  145.     Defendant states that Bextra® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendant states that the potential effects of

13  Bextra® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

16  of the Complaint.

17  146.    Defendant denies any wrongful conduct and denies the remaining allegations in this

18  paragraph of the Complaint.

19  147.    Defendant admits that, during certain periods of time, it marketed and co-promoted

20  Bextra® in the United States to be prescribed by healthcare providers who are by law

21  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant denies

22  the remaining allegations in this paragraph of the Complaint.

23  148.    Defendant states that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendant states that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

28  of the Complaint.

149.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

150.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

151.    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

152.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

153.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

154.    Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

**Response to Prayer for Relief**

Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in Plaintiff's Prayer for Relief, including all subparts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

## III.

## GENERAL DENIAL

Defendant denies the allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

## IV.

## AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendant affirmatively shows that:

### First Defense

1. The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2. Bextra® is prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3. At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4. At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5. Plaintiff's action is time-barred as it is filed outside of the time permitted by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

**Sixth Defense**

6.    Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiff's claims against Defendant are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiff's damages, and any recovery by Plaintiff should be diminished accordingly.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendant affirmatively denies that it violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided adequate warnings to Plaintiff's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  treating and prescribing physicians.

2  **Thirteenth Defense**

3  13.    The product at issue was not in a defective condition or unreasonably dangerous at the

4  time it left the control of the manufacturer or seller.

5  **Fourteenth Defense**

6  14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

7  for its intended use and the warnings and instructions accompanying Bextra® at the time of

8  the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved

9  usages.

10  **Fifteenth Defense**

11  15.    Plaintiff's causes of action are barred, in whole or in part, by the lack of a defect as the

12  Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable

13  standard of care.

14  **Sixteenth Defense**

15  16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use

16  of the product Bextra® after the product left the control of Defendant and any liability of

17  Defendant is therefore barred.

18  **Seventeenth Defense**

19  17.    Plaintiff's alleged injuries/damages were not caused by any failure to warn on the part

20  of Defendant.

21  **Eighteenth Defense**

22  18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

23  conditions unrelated to Bextra®.

24  **Nineteenth Defense**

25  19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore,

26  the doctrine of assumption of the risk bars or diminishes any recovery.

27  **Twentieth Defense**

28  20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because the subject pharmaceutical product at issue were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred, in whole or in part, by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiff's claims are barred, in whole or in part, because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred, in whole or in part, because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiff's claims are barred, in whole or in part, because the subject pharmaceutical

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   product at issue "provides net benefits for a class of patients" within the meaning of

2   Restatement (Third) of Torts: Products Liability, § 6, Comment f.

3                                  **Twenty-eighth Defense**

4          28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

5   Products Liability.

6                                  **Twenty-ninth Defense**

7          29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

8   facts sufficient under the law to justify an award of punitive damages.

9                                   **Thirtieth Defense**

10         30.    Defendant affirmatively avers that the imposition of punitive damages in this case

11  would violate Defendant's rights to procedural due process under the Fourteenth Amendment

12  of the United States Constitution and the Constitutions of the States of California and Kansas,

13  and would additionally violate Defendant's rights to substantive due process under the

14  Fourteenth Amendment of the United States Constitution.

15                                **Thirty-first Defense**

16         31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

17  Fourteenth Amendments to the United States Constitution.

18                                **Thirty-second Defense**

19         32.    The imposition of punitive damages in this case would violate the First Amendment to

20  the United States Constitution.

21                                 **Thirty-third Defense**

22         33.    Plaintiff's punitive damage claims are preempted by federal law.

23                                **Thirty-fourth Defense**

24         34.    In the event that reliance was placed upon Defendant's nonconformance to an express

25  representation, this action is barred as there was no reliance upon representations, if any, of

26  Defendant.

27                                 **Thirty-fifth Defense**

28         35.    Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   to any express representation.

**Thirty-sixth Defense**

2

3   36.     To the extent that Plaintiff's claims are based on a theory providing for liability

4   without proof of causation, the claims violate Defendant's rights under the United States

5   Constitution.

**Thirty-seventh Defense**

6

7   37.     Plaintiff's claims are barred, in whole or in part, because the advertisements, if any,

8   and labeling with respect to the subject pharmaceutical product were not false or misleading

9   and, therefore, constitute protected commercial speech under the applicable provisions of the

10  United States Constitution.

**Thirty-eighth Defense**

11

12  38.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

13  caused injuries asserted in the Complaint, punitive damages are barred or reduced by

14  applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the

15  due process protections afforded by the United States Constitution, the excessive fines clause

16  of the Eighth Amendment of the United States Constitution, the Commerce Clause of the

17  United States Constitution, and the Full Faith and Credit Clause of the United States

18  Constitution, and applicable provisions of the Constitutions of the States of Kansas and

19  California.  Any law, statute, or other authority purporting to permit the recovery of punitive

20  damages in this case is unconstitutional, facially and as applied, to the extent that, without

21  limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's

22  discretion in determining whether to award punitive damages and/or the amount, if any; (2) is

23  void for vagueness in that it failed to provide adequate advance notice as to what conduct will

24  result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state

25  conduct, conduct that complied with applicable law, or conduct that was not directed, or did

26  not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an

27  amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff

28  and to the amount of compensatory damages, if any; (5) permits jury consideration of net

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Thirty-ninth Defense**

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package inserts and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

**Fortieth Defense**

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

**Forty-first Defense**

41.     If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

**Forty-second Defense**

42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    waiver, and/or estoppel.

2    **Forty-fourth Defense**

3    44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

4    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

5    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were

6    independent of or far removed from Defendant's conduct.

7    **Forty-fifth Defense**

8    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

9    did not proximately cause injuries or damages to Plaintiff.

10    **Forty-sixth Defense**

11    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

12    did not incur any ascertainable loss as a result of Defendant's conduct.

13    **Forty-seventh Defense**

14    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

15    manufacturing, labeling, packaging, and any advertising of the product complied with the

16    applicable codes, standards and regulations established, adopted, promulgated or approved by

17    any applicable regulatory body, including but not limited to the United States, any state, and

18    any agency thereof.

19    **Forty-eighth Defense**

20    48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the

21    product labeling contained the information that Plaintiff contends should have been provided.

22    **Forty-ninth Defense**

23    49.    The claims asserted in the Complaint are barred because the utility of Bextra®

24    outweighed its risks.

25    **Fiftieth Defense**

26    50.    Plaintiff's damages, if any, are barred or limited by the payments received from

27    collateral sources.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-38-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Fifty-first Defense**

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.   Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

**Fifty-second Defense**

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra.   Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Art. VI, cl. 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendant states on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## Fifty-sixth Defense

56.   Defendant states on information and belief that any injuries, losses, or damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendant. Therefore, Plaintiff's recovery against Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

## Fifty-seventh Defense

57.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred. Any claim for punitive damages is also barred under California Civil Code § 3294(b).

## Fifty-eighth Defense

58.   Defendant states that to the best of Defendant's knowledge, information, and belief, reasonable discovery will likely produce evidentiary support demonstrating that the fault of others for whom Defendant is not responsible directly caused or contributed to Plaintiff's injuries, and the fault of Plaintiff and such others should be compared pursuant to K.S.A. § 60-258(a).

## Fifty-ninth Defense

59.   Plaintiff's claims are barred by Defendant's compliance with relevant legislative and administrative regulatory safety standards authorized by the Kansas Product Liability Act, K.S.A. §§ 60-3301, et seq.

## Sixtieth Defense

60.   To the extent Plaintiff contends that Plaintiff is entitled to damages pursuant to a personal injury claim, which contention is expressly denied, claims for non-economic losses may not exceed $250,000 pursuant to K.S.A. § 60-19a.

## Sixty-first Defense

61.   Plaintiff's claims against Defendant are barred by K.S.A. § 60-3306.

## Sixty-second Defense

62.   Plaintiff's claims against Defendant are limited by K.S.A. § 60-1903.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-third Defense**

63.     Defendant states that any award of punitive damages in this case would violate Defendant's procedural and substantive due process rights because there are insufficient circumstances in this case to support the reasonableness of an award of punitive damages and there are inadequate legal and procedural constraints imposed on the fact finder's discretion to impose such awards.  The standard for punitive damages in Kansas lack sufficient objective criteria and procedural safeguards to give a jury adequate criteria or an appropriate range of proportionality regarding punitive damages.

**Sixty-fourth Defense**

64.     Defendant states that it would violate Defendant's rights guaranteed by the United States Constitution and the Kansas Constitution to impose punitive damages against it which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.  In the alternative, entitlement to such damages would be provided by a "clear" and "convincing" standard of proof, in view of insufficient substantive and procedural protections under Kansas law regarding punitive damages.

**Sixty-fifth Defense**

65.     Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

**IV.**

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing from Defendant by reason of the Complaint;

2.      That the Complaint be dismissed;

3.      That Defendant be awarded its costs for this lawsuit;

4.      That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.      That any judgment for damages against Defendant in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's damages; and

6.      That Defendant has such other and further relief as the Court deems appropriate.

July 16, 2008                                GORDON & REES LLP


                                            By:_____/s/_____
                                               Stuart M. Gordon
                                               sgordon@gordonrees.com
                                               Embarcadero Center West
                                               275 Battery Street, 20th Floor
                                               San Francisco, CA  94111
                                               Telephone:  (415) 986-5900
                                               Fax:  (415) 986-8054

July 16, 2008                                TUCKER ELLIS & WEST LLP


                                            By:_____/s/_____

                                               Michael C. Zellers
                                               michael.zellers@tuckerellis.com
                                               515 South Flower Street, Suite 4200
                                               Los Angeles, CA 90071-2223
                                               Telephone:  (213) 430-3400
                                               Fax:  (213) 430-3409

                                               Attorneys for Defendant
                                               PFIZER INC.

1

## JURY DEMAND

2      Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this

3 case pursuant to 38(b) of the Federal Rules of Civil Procedure.

4 July 16, 2008                                    GORDON & REES LLP

5

6                                                   By:_____/s/_____

7                                                      Stuart M. Gordon
                                                       sgordon@gordonrees.com
8                                                      Embarcadero Center West
                                                       275 Battery Street, 20th Floor
9                                                      San Francisco, CA  94111
                                                       Telephone:  (415) 986-5900
10                                                     Fax:  (415) 986-8054

11 July 16, 2008                                    TUCKER ELLIS & WEST LLP

12

13                                                  By:_____/s/_____

14                                                     Michael C. Zellers
                                                       michael.zellers@tuckerellis.com
15                                                     515 South Flower Street, Suite 4200
                                                       Los Angeles, CA 90071-2223
16                                                     Telephone:  (213) 430-3400
                                                       Fax:  (213) 430-3409

17                                                     Attorneys for Defendant
                                                       PFIZER INC.
18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111